| State of Minnesota | District Court | |
|---|---|---|
| County of Hennepin | Judicial District: | Fourth |
| | Court File Number: | |
| | Assigned Judge: | |
| | Case Type: | |
| | | Civil |

Melissa Schuler
Plaintiff

**SUMMONS**

VS.

Stellar Recovery, Inc.
Defendants

    1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

    2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

    619 South Tenth Street
    Suite 301
    Minneapolis, MN 55404

    3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

    4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

    5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get



legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

      **6. ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: May 13, 2015          Respectfully Submitted,

David J.S. Madgett
MADGETT & CHAN, LLC
Atty. Reg. No. 0390494
619 South Tenth Street
Suite 301
Minneapolis, MN 55404
(612) 419-0589
Dmadgett@madgettlaw.com

ATTORNEY FOR PLAINTIFF

| | | |
|---|---|---|
| **STATE OF MINNESOTA**<br>**County of Hennepin** | Judicial District:<br>Case Type: | **DISTRICT COURT**<br>Fourth (Hennepin)<br>Civil |

Melissa Schuler )
Plaintiff )
)
vs. )         **COMPLAINT**
)
Stellar Recovery, Inc. )
Defendants )

PLAINTIFF, as and for her causes of action (i.e., violations of the Telephone Consumer Protection Act, the Minnesota Automatic Dialing-Announcing Devices Act, and the Fair Debt Collection Practices Act) against the above-named defendant, states and alleges as follows:

### Introduction

1. The following case alleges prolonged harassment by Defendant. On an ongoing basis Defendant used an automatic telephone dialing system (the "Autodialing System") to repeatedly call and harass Ms. Schuler on her personal cell phone. Defendant further threatened to take legal action which it had no actual intention of pursuing. Defendant similarly failed to make legally required consumer disclosures to Plaintiff falsely leading her to believe that she had no recourse other then to pay the alleged debt in question. Accordingly, Plaintiff commenced this action.

### Statement of Jurisdiction

2. This Court has Jurisdiction over the subject matter of this action pursuant to Minn. Stat. §484.01, the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 (b) (3), and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d).

## Venue

3. Venue is proper pursuant to Minn. Stat. §542.09 because the cause of action arose within the State of Minnesota and the County of Hennepin.

## Parties

4. Plaintiff Melissa Schuler is an adult resident of Hennepin County, Minnesota.

5. Defendant is a foreign corporation licensed to conduct business in the state of Minnesota.

6. Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendant conducted business in the State of Minnesota and in the County of Hennepin.

## Facts

7. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (32), a "subscriber" as defined by Minn. Stat. §325E.26 subd. 5, and a "consumer" as defined by 15 U.S.C. §1692a(3).

8. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (32), a "caller" as defined by Minn. Stat. §325E.26 subd. 3, and a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. Plaintiff's telephone number, (xxx) xxx-6731, is assigned to a "cellular telephone service" as that term is used in 47 U.S.C. § 227b(1)(A)(ii).

10. The alleged debt owed by Plaintiff is a "debt" as defined by 15 U.S.C. §1692 a(5).

11. The calls mentioned herein constitute "communications" as defined by 15 U.S.C. §1692a(2).

12. Upon information and belief, a debt allegedly owed by Plaintiff was sold, assigned, or otherwise placed with Defendant for the purposes of collection.

13. Plaintiff is informed and believes, and thereon alleges, that on multiple occasions all prior to the date this complaint was filed, Defendant contacted Plaintiff on Plaintiff's cellular telephone via an "automatic telephone dialing system" as defined by 47 U.S.C. § 227 (a)(1).

14. On several occasions Defendant's auto-dialing system would dial Plaintiff; when Plaintiff answered these phone calls, a representative was either entirely unavailable or a pre-recorded message came on the line.

15. Plaintiff is informed and believes, and thereon alleges, that the telephone number Defendant called was assigned to a cellular telephone service, pursuant to 47 U.S.C. § 227 (b)(1).

16. Plaintiff is informed and believes, and thereon alleges, that these telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

17. Defendant placed or caused to be placed these telephone calls in violation of 47 U.S.C. § 227(b)(1).

18. Plaintiff is informed and believes, and thereon alleges, that during these telephone calls Defendant used an "automatic dialing-announcing device" as defined by Minn. Stat. §325.26 subd. 2.

19. Plaintiff is informed and believes, and thereon alleges, that Plaintiff did not request, consent to, permit, or authorize receipt of said messages pursuant to Minn. Stat. §325E.27(a).

20. Defendant placed or caused to be placed these telephone calls in violation of Minn. Stat. §325E.27.

21. Despite these various and repeated calls, Defendant failed to provide legally required consumer disclosures to Plaintiff leading her to believe that she had no recourse other then to pay the alleged debt in question.

22. Plaintiff is informed and believes that on at least one occasion Defendant threatened to take legal action that Defendant did not intend to take.

23. On at least one occasion Plaintiff requested that Defendant stop calling her, yet the calls in question continued.

24. By failing to provide legally required disclosures, by falsely threatening legal action, and by refusing to honor Plaintiff's request that Defendant stop calling her, Defendant violated 15 U.S.C. §1692, the Fair Debt Collection Practices Act.

## Specific Claims

Count I - Negligent Violations of the Telephone Consumer Protection Act 47 U.S.C. § 227 Et Seq.

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

27. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

28. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

Count II – Knowing and/ or Willful Violations of the Telephone Consumer Protection Act 47 U.S.C. § 227 Et Seq.

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/ or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

31. As a result of Defendant's knowing and/ or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

Count III- Violation of the Minnesota Automatic Dialing-Announcing Devices Act Minn. Stat. §325E.26-31

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the Minn. Stat. §325E.27.

34. Pursuant to Minn. Stat. §325E.31, Defendant is subject to a private right of action under Minn. Stat. §8.31, and is subject to remedies including damages, reasonable costs and disbursements, reasonable attorney's fees, and injunctive relief.

Count IV– Violation of Fair Debt Collection 15 U.S.C. § 1692

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. By continuing to call and harass Plaintiff after a reasonable request to stop doing so, Defendant violated 15 U.S.C. §1692.

**Jury Demand**

37. Plaintiff hereby demands a trial by jury.

**Prayer for Relief**

WHEREFORE, Plaintiff, Melissa Schuler, by and through her attorney, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $500.00 per violation, pursuant to 47 U.S.C. §227(b)(3)(B);

    c. Statutory damages of $1,500.00 per violation, pursuant to 47 U.S.C. §227(b)(3)(C);

    d. Statutory damages in an amount up to $1,000.00, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    e. injunctive relief prohibiting such conduct in the future;

    f. reasonable attorney's fees, litigation expenses, and cost of suit; and

    g. Any other relief deemed appropriate by this Honorable Court.

Dated: May 13, 2015                     Respectfully Submitted,

*[signature]*

David J.S. Madgett
MADGETT & CHAN, LLC
Atty. Reg. No. 0390494
619 South Tenth Street
Suite 301
Minneapolis, MN 55404
(612) 419-0589
Dmadgett@madgettlaw.com

ATTORNEY FOR PLAINTIFF

## Acknowledgement

Plaintiff acknowledges that, pursuant to Minn. Stat. Sec. 549.21 sub. 2, the Court in its discretion may award costs, disbursements, reasonable attorney's fees and witness fees to the parties against whom costs, disbursements, reasonable attorney's fees and witness fees were charged in bad faith.

*[signature]*

Dated: May 13, 2015       By:

David J.S. Madgett
ATTORNEY FOR PLAINTIFF